Filed 3/4/22  P. v. Rosas CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WILLIAM PASILLAS ROSAS,<br><br>    Defendant and Appellant. | B313422<br>(Los Angeles County<br> Super. Ct. No. BA298155) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Ronald S. Coen, Judge.  Dismissed.

Richard B. Lennon, Executive Director, and Cheryl Lutz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant William Pasillas Rosas appeals from the trial court's summary denial of his petition for resentencing under Penal Code section 1170.95.[1] Relying on the jury instructions given at trial and our prior opinion in *People v. Rosas* (Aug. 15, 2011, B223322) [nonpub. opn.] (*Rosas I*), the court found that defendant was not entitled to relief under section 1170.95 as a matter of law for any of his convictions, including one count of first degree murder (§ 187, subd. (a)), and three counts of attempted willful, deliberate, and premeditated murder (§§ 664/187, subd. (a)). (See *People v. Lewis* (2021) 11 Cal.5th 952, 959 [recent legislative changes to sections 188 and 189, and the addition of section 1170.95, was intended "'to ensure that murder liability is not imposed on a person who is not the actual killer'" or "'did not act with the intent to kill'" in the commission of a murder or underlying felony].)[2]

Defendant's appointed counsel found no arguable issues and filed a brief under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), asking this court to independently review the record. On October 20, 2021, we directed counsel to send the record and a copy of the opening brief to defendant. Both his counsel and this court informed defendant that

---

[1]     Subsequent references to statutes are to the Penal Code.

[2]     Section 1170.95 has been subsequently extended to those convicted of attempted under the natural and probable consequences doctrine, or any "other theory under which malice is imputed to a person based solely on that person's participation in a crime." (§ 1170.95, subd. (a); see Sen. Bill No. 775 (2020–2021 Reg. Sess.), Stats. 2021, ch. 551, §§ 1, 2.) As amended, section 1170.95 does not provide relief for those like defendant who have been convicted of murder and/or attempted murder under theories requiring a specific intent to kill.

counsel had been unable to find any arguable issues. Defendant was invited to submit a supplemental brief or letter within 30 days raising any contentions he wished this court to consider. He did not do so.

There is currently a split in authority as to whether the independent review mandated by *Wende* applies to an appeal from the denial of a section 1170.95 petition. (Compare *People v. Cole* (2020) 52 Cal.App.5th 1023, 1028 (*Cole*) ["*Wende's* constitutional underpinnings do not apply to appeals from the denial of postconviction relief"; if the defendant does not file a supplemental brief, a reviewing court may "dismiss this appeal as abandoned"], rev. granted Oct. 14, 2020, S264278; *People v. Figueras* (2021) 61 Cal.App.5th 108, 111 [same], rev. granted May 12, 2021, S267870; and *People v. Gallo* (2020) 57 Cal.App.5th 594, 599 ["dismissal is discretionary, and . . . we can and should independently review the record on appeal in the interests of justice"]; *People v. Allison* (2020) 55 Cal.App.5th 449, 456 [same].)

The issue is currently pending before the Supreme Court. (*People v. Delgadillo* (Nov. 18, 2020, B304441 [nonpub. opn.], rev. granted Feb. 17, 2021, S266305 ["What procedures must appointed counsel and the Courts of Appeal follow when counsel determines that an appeal from an order denying postconviction relief lacks arguable merit"; and "Are defendants entitled to notice of these procedures?"].)

Pending guidance from the Court in *Delgadillo*, we continue to adhere to the reasoning set forth in *Cole*. Neither defendant nor his appointed counsel has raised any claim of error. We therefore dismiss

the appeal as abandoned.  (See *Cole, supra,* 52 Cal.App.5th at pp. 1039–1040.)

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.

We concur:


MANELLA, P. J.


CURREY J.